# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Antoine Ridley (#K-97356), | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 17 C 9134 |
| v. | )<br>) Judge Sharon Johnson Coleman |
| Dr. Saleh Obaisi, et al., | )<br>) |
| Defendants. | ) |

## ORDER

Plaintiff's motion to amend his complaint to add Wexford Health Sources, Inc. as a defendant [42] is denied. Plaintiff's proposed amended complaint [43] is stricken. Plaintiff's original complaint [8] remains the operative complaint. Plaintiff's motion for documents [41] is denied as premature because discovery in this case has not yet commenced. Defendant's motions to clarify [44] and to dismiss official capacity claims [46] are granted. This case shall proceed only on an individual capacity claim against Ghaliah Obaisi, Independent Executor of the Estate of Saleh Obaisi, M.D., Deceased. All other claims and defendants are dismissed. Defendant shall answer Plaintiff's complaint by September 29, 2018. The initial status hearing scheduled for September 11, 2018, is re-scheduled for October 12, 2018, at 9:45 a.m.

## STATEMENT

Plaintiff Antoine Ridley, an Illinois prisoner, brought this pro se civil rights action under 42 U.S.C. § 1983 against Dr. Saleh Obaisi and "Wexford Health Care Services," concerning Obaisi's purported failure to treat Plaintiff's complaints of stomach pain. By order dated January 9, 2018, the Court allow this action to proceed against Obaisi[1] for further development of the facts surrounding Obaisi's treatment of Plaintiff's medical condition. Dkt. 7, Jan. 9, 2018 screening order. However, the Court dismissed Plaintiff's claims against Wexford, explaining that the complaint alleged no facts indicating that "a policy rather than individual conduct caused" a delay in diagnosis or treatment of Plaintiff's stomach pain. *Id.*, pg. 3.

Before the Court is Plaintiff's motion to amend his complaint to add Wexford Health Sources, Inc. as a defendant to this action. The proposed amended complaint expands on the factual allegations of Plaintiff's original complaint insofar as Plaintiff recounts testing and treatment he has received since he submitted the original complaint, and he attempts to amend his allegations to state a claim against Wexford.

---

[1] The Court subsequently substituted Ghaliah Obaisi, Independent Executor of Estate of Salah Obaisi, M.D., Deceased, as the sole defendant to this action. Dkt. 32.

In particular, Plaintiff alleges that he was seen by a medical technician in March 2016 for complaints of stomach pain. (Dkt. 43, p. 4.) Neither Prilosec nor Tums alleviated his pain, and an x-ray "came back negative." (*Id.*) When Plaintiff reported at a follow-up visit that the pain had become worse and that he had blood in his stool, he was referred to Dr. Obaisi. (*Id.*, pg. 4-5.)

By the time Plaintiff saw Obaisi for the first time, his stomach pain kept him up at night and prevented him from exercising. (*Id.*, pg. 5.) Obaisi ordered another x-ray and prescribed a bland diet. (*Id.*) Obaisi, however, denied Plaintiff's request for an MRI or CT scan. (*Id.*) The bland diet did not alleviate Plaintiff's pain and, in fact, he began experiencing symptoms such as tightening of his abdominal muscles and a persistent feeling of being "full." (*Id.*) Obaisi ordered an ultrasound that "came back negative" and prescribed "more medicine." (*Id.*, pg. 6.) In May 2017, Plaintiff was unable to have a bowel movement and was vomiting. (*Id.*) He was then sent for a CT scan, which revealed a cyst on his esophagus and "mild thickening of the esophagus." (*Id.*, pg. 6-7.) Obaisi purportedly told Plaintiff that the scan revealed "no significant findings." (*Id.*, pg. 7.) Plaintiff subsequently received an endoscopy and colonoscopy at "UIC Hospital," but neither test revealed the cause of his stomach pain. (*Id.*, pg. 8.) He also was prescribed "Xantac" for acid reflux and Prilosec, which did not relieve his pain. (*Id.*) According to Plaintiff, he still is not receiving adequate medical treatment even though he is no longer at Stateville. (*Id.*, pg. 7.)

Plaintiff contends that Wexford's "cost-cutting policy" is to blame for his purportedly ineffective medical treatment because, he says, Wexford's contract with the State of Illinois requires Wexford to pay for diagnostic testing out of its profits, which provides an incentive for Wexford to limit necessary testing and treatment of prisoners. (*Id.*, pg. 9-11.) Plaintiff also contends that the handbook given to medical staff explains that prisoners "exaggerate their conditions" and instructs providers to "maintain a healthy amount of doubtful suspicion" when assessing prisoner's medical complaints. (*Id.*, pg. 11-12.) The facts alleged by Plaintiff show, however, that he received a progressive course of diagnostic testing, albeit not as quickly as he might have liked, as well as treatment by several different doctors and referral to an outside hospital. Consequently, the chain of events described by Plaintiff does not plausibly allege that "cost-cutting" motivated the treatment decisions in this case or that his complaints of stomach pain were not taken seriously.

The events described by Plaintiff in the amended complaint do not differ significantly from the events described in the operative complaint and show only that Obaisi failed to identify the cause of Plaintiff's stomach pain or identify a course of treatment that alleviated the pain. As the Court previously explained, further inquiry is warranted into Obaisi's treatment decisions. *See* Dkt. 7, Jan. 9, 2018 screening order. As with the original complaint, however, the facts alleged by Plaintiff do not show that Wexford's "policies" caused any delay in diagnosing or treating Plaintiff's ailments. The Court therefore discerns no basis for a claim against Wexford, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully"), or an official capacity claim against Obaisi, *see Klebanowksi v. Sheahan*, 540 F.3d

633, 637 (7th Cir. 2008) (explaining that an official capacity claim must establish the alleged constitutional violation was a result of custom or policy).

Accordingly, the Court denies Plaintiff's motion to amend his complaint to add Wexford Health Sources, Inc. as a defendant. Plaintiff's original complaint remains the operative complaint. The Court grants Defendant's motions to clarify and to dismiss the official capacity claim against Defendant Obaisi. This case shall proceed only on an individual capacity claim against Ghaliah Obaisi, Independent Executor of the Estate of Saleh Obaisi, M.D., Deceased. All other claims and defendants are dismissed.

Date: 8/30/2018 /s/Sharon Johnson Coleman
Sharon Johnson Coleman
United States District Court Judge